UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re                                    Case No. 08-14623 (AJG)

CPW ACQUISITION CORP. and                (Jointly Administered)
ROBERT LANE ESTATES, INC.,

                        Debtors.
----------------------------------x


**ORDER, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002 AND 6004, AUTHORIZING CPW ACQUSIITION
CORP. TO SELL CERTAIN REAL PROPERTY UNDER A PLAN CONFIRMED UNDER
SECTION 1129 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS, AND SUBJECT TO EXEMPTION
FROM THE IMPOSITION AND PAYMENT OF FEES AND TAXES PURSUANT TO
SECTION 1146 OF THE BANKRUPTCY CODE**

Upon the motion dated December 18, 2009 (the "**Motion**")

of CPW Acquisition Corp. (the "**Debtor**"), one of the above-

captioned debtors and debtors in possession, by its attorneys,

Rosen & Associates, P.C., for, among other forms of relief, an

order, pursuant to section 363 of the Bankruptcy Code and

Bankruptcy Rules 2002 and 6004, authorizing and approving the

sale of its condominium unit known as Penthouse 52A, at the

Trump International Hotel and Tower Condominium, located at One

Central Park West, New York, New York (the "**Condominium**"), free

and clear of any claim and any interest, mortgage, pledge,

security interest, right of first refusal, option, encumbrance,

lien or charge of any kind (collectively, "**Interests**") pursuant

to sections 363(f) of the Bankruptcy Code, to WF NYC Home Trust

("**WF NYC**"), pursuant to the terms and conditions of a contract of sale dated December 10, 2009, or, alternatively, to such other party who makes a higher and/or better bid for the Condominium; and for such other and further relief as this Court may deem just and proper; and the Court, by order dated December 30, 2009, having scheduled a hearing on January 27, 2010 (the "**Sale Hearing**") to consider that portion of the Motion which sought an order authorizing and approving the sale of the Condominium to the WF NYC or, alternatively, to such other party who makes a higher or better bid for the Condominium at the Sale Hearing; and no objection to the relief sought in the Motion having been interposed; and a reservation of rights, dated January 22, 2010, having been filed on behalf Vittorio Cecchi Gori with respect to the Motion; and the Sale Hearing having been held on January 27, 2009; and an auction sale having been held at the Sale Hearing; and it appearing One Central Park West (NYC) LLC ("**One Central Park West**") submitted an eligible competing bid for the Condominium pursuant to the Sale Procedures Order (as defined in the Motion) dated December 30, 2009 by, among other things, submitting an executed proposed contract of sale, dated January 22, 2010 (the "**Contract**") for the purchase of the Condominium; and One Central Park West having made the highest and best offer for the Condominium at

such auction sale; and after hearing Rosen & Associates, P.C., attorneys for the Debtor, Sanford P. Rosen, Esq., of counsel, in support of the Motion; and after hearing such other parties whose appearances are reflected in the record of the Sale Hearing; and after due deliberation, and sufficient cause appearing to me therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334 and pursuant to the Debtor's Modified Plan (as defined in the Motion), and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(N).  Venue of the Debtor's case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    <u>Statutory predicates</u>.  The statutory predicates for the relief sought in the Motion are section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9006(c)(1).

C.    <u>Notice</u>.  As evidenced by the affidavit of service filed with this Court; (i) due, proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004 and 9006(c)(1) and as directed by the Sale Procedures Order; (ii) pursuant to Bankruptcy Rule 2002(m), such notice was good, sufficient and appropriate under the

circumstances; and (iii) no other or further notice of the Motion, or the transactions contemplated thereby or hereby, is or shall be required.

D.    Opportunity to Object.  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (i) the Office of the United States Trustee; (ii) all persons who and entities which have filed with the Court (and served upon the Debtor's counsel) a notice of appearance and request for papers in the Debtor's case; (iii) Fortress Credit Corp.; (iv) all of the Debtor's other creditors; (v) all entities known to the Debtor to have expressed an interest in purchasing the Condominium during the 6 months preceding the entry of the Sale Procedures Order; and (vi) all other entities who the Debtor reasonably believes may express an interest in purchasing the Condominium.

E.    Highest and Best Offer.  One Central Park West (the "**Purchaser**") has made the highest and best offer at the Sale Hearing for the purchase of the Condominium in the amount of $33,177,083.00 pursuant to the terms and conditions of the Contract.

F. **Free and Clear**. The Debtor may sell the Condominium (the "**Sale**") free and clear of any Interest because each entity with an Interest in the Condominium to be transferred has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; and therefore, section 363(f) of the Bankruptcy Code has been satisfied. Those holders of Interests who did not object, or who withdrew their objections, to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). With respect to any other holders of Interests that have been asserted in the Condominium, such interest is a lien and the price at which the Condominium is to be sold is greater than the aggregate value of all liens on the Condominium, pursuant to section 363(f)(3). All Interests shall attach to the cash proceeds of the Sale, subject to the terms of such Interests with the same validity, force and effect, and in the same order of priority which they now have against the Condominium, subject to any rights, claims and defenses the Debtor's estate and the Debtor, as applicable, may possess with respect thereto.

G. **Sale in Best Interests**. Good and sufficient reasons for approval of the Amended Contract of Sale (as defined below) and the Sale have been articulated, and the relief

requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties in interest.

H.    Business Justification.  The Debtor has demonstrated both (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the Sale other than in the ordinary course of business under Bankruptcy Code section 363(b), in that, among other things, the immediate consummation of the Sale to the Purchaser is essential to consummation of the Modified Plan.

I.    Arm's Length Sale.  The Amended Contract of Sale was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arm's length bargaining positions.  Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Amended Contract of Sale to be avoided under Bankruptcy Code section 363(n).

J.    Good Faith Purchaser.  The Purchaser is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in closing the transactions contemplated by the Amended Contract of Sale.

K. <u>Consideration</u>. The consideration to be paid to the Debtor by the Purchaser pursuant to the Amended Contract of Sale is fair and reasonable and constitutes reasonably equivalent value (as that term is defined in each of the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

L. <u>No Intentional Fraudulent Transfer</u>. The Amended Contract of Sale is not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Purchaser nor the Debtor is entering into the Amended Contract of Sale fraudulently.

M. <u>Scope of Authorization</u>. Notwithstanding anything herein to the contrary, the Debtor is not authorized to sell and is not selling any interest in any assets in which it does not hold an interest, and is authorized to sell and is selling only its interest in the Condominium.

N. <u>Prompt Consummation of Sale</u>. The Sale must be approved and consummated promptly in order to maximize the value of the Debtor's estate.

O.     Section 1146 exemption.  The Sale is being
conducted under the Debtor's First Amended and Restated Plan
of Liquidation dated June 30, 2009, as modified by its post-
confirmation modification dated November 16, 2009, which was
confirmed by order of this Court dated December 16, 2009.
Accordingly, the Sale qualifies for the exemption from the
imposition and payment of all recording fees and taxes, stamp
taxes, and/or sales, transfer or any other similar taxes,
pursuant to section 1146 of the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED THAT:

1.     Motion is Granted.  The Motion is hereby
granted.

2.     Approval.  The Contract as amended by the
Amendment to Contract of Sale, dated February 2, 2010 (the
"**Amended Contract of Sale**"), including all the terms and
conditions thereof, is hereby approved and authorized.  A
copy of the  Amended Contract of Sale is annexed hereto as
Exhibit "A."

3.     Authorization.  The Debtor is authorized under
Bankruptcy Code sections 363(b) and (f) to consummate the
Sale, pursuant to and in accordance with the terms and
conditions set forth in the Amended Contract of Sale and this
Order.

4.   Implementation.  The Debtor is authorized and directed to execute and deliver any instruments and documents that may be reasonably necessary or desirable to implement the Amended Contract of Sale, and to take all further reasonable actions as may be requested by the Purchaser for the purpose of transferring the Condominium to the Purchaser or as may be necessary or appropriate to the performance of the obligations contemplated by the Amended Contract of Sale, as soon as reasonably possible.

5.   Free and Clear.  Except as expressly permitted or otherwise specifically provided for in this Order, pursuant to Bankruptcy Code section 363(f), the Debtor's interest in the Condominium shall be transferred to the Purchaser and, as of the closing, shall be free and clear of any Interests, with all such Interests to attach to the Sale proceeds, in the order of their priority, with the same validity, force and effect which they now have in or against the Condominium at the time of the closing of the Sale, subject to any rights, claims and defenses the Debtor's estate and Debtor, as applicable, may possess with respect thereto.

6.   Valid Transfer.  The transfer of the Condominium to the Purchaser pursuant to the Amended Contract

of Sale constitutes a legal, binding, valid and effective transfer of the Debtor's interests in the Condominium, and shall vest the Purchaser with all right, title and interest of the Debtor's interests in and to the Condominium free and clear of all Interests of any kind or nature whatsoever.

7. <u>Closing</u>. Notwithstanding anything contained in the Amended Contract of Sale to the contrary, closing of the Amended Contract of Sale shall be held on the second day after the date on which this Order has become a Final Order, as such term is defined below, unless such second day is not a business day, in which event the closing shall be held on the first business day following such day (the "**Closing Date**"). **TIME SHALL BE OF THE ESSENCE** as to Purchaser's obligation to close on the second business day following the Closing Date. "Final Order" shall mean an order or judgment of this Court as entered on the legal docket maintained by the Clerk of this Court that has not been reversed, stayed, modified, vacated, or amended and as to which the time to appeal or petition for certiorari has expired and as to which no appeal, reargument, or petition for certiorari is pending or as to which any right to appeal, reargue, or petition for certiorari has been waived in writing or, if an appeal, reargument, or petition for certiorari thereof has been

denied, the time to take any further appeal or to seek further hearing or certiorari has expired.  The closing shall be held at the office of Seller's attorneys, Pavia & Harcourt LLP, 600 Madison Avenue, New York, New York 10022.

8.  <u>General Assignment</u>.  On the Closing Date this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's interests in the Condominium or a deed transferring good and marketable title in the Condominium to the Purchaser.

9.  <u>Release of Liens</u>.  This Order is and shall be effective as a determination that all Interests shall be, and are, without further action by any person or entity, released with respect to the Debtor's interests in the Condominium as of the Closing Date.  All persons that have filed any financing statement, mortgage, mechanic's lien, lis pendens or another document or instrument evidencing liens or security interests or other encumbrances ("**Liens**") with respect to the Debtor's interests in the Condominium, shall deliver to the Debtor and the Purchaser, prior to the Closing Date in proper form for filing and executed by the appropriate person or persons, termination statements,

instruments of satisfaction, and/or releases of all such Liens which such person has with respect to the Condominium.

10. <u>Authorization to Release Liens</u>. If any person shall have failed to deliver such termination statements, instruments of satisfaction, and/or releases then the Debtor is authorized to execute and file such statements, instruments, releases and other documents on behalf of such person appropriately limited in scope to the Condominium, and the Purchaser is authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens on the Condominium as of the Closing Date.

11. <u>Right of First Refusal</u>. Without limiting the effect of paragraph 6 of this Order, providing that the transfer of the Debtor's interest in the Condominium shall be free and clear of all Interests of any kind or nature whatsoever, the Purchaser's obligation to close under the Amended Contract of Sale is, unless waived by it, subject to its receipt of the Condominium's written waiver of its right of first refusal (the "**Waiver**"). Based on the correspondence dated March 5, 2010, from counsel to the Board of Managers of the Condominium, a copy of which is annexed hereto as Exhibit

"B,": (i) the Condominium has completed its review of the Purchase Application submitted by the Purchaser; (ii) the Condominium has issued the Waiver; (iii) the Board's counsel is holding the Waiver in escrow pending the closing of the Amended Contract of Sale; and (iv) the Board's counsel will deliver the Waiver to the Purchaser at the closing.

12. <u>Binding Effect of Order</u>. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Condominium.

13. <u>Exemption from Transfer and Stamp Taxes</u>. The transactions contemplated by the Amended Contract of Sale, and the execution, delivery and/or recordation of any and all documents or instruments necessary or desirable to consummate the transactions contemplated by the Amended Contract of Sale

shall be, and hereby are, exempt from the imposition and payment of all recording fees and taxes, stamp taxes, and/or sales, transfer or any other similar taxes, pursuant to section 1146 of the Bankruptcy Code.

14.  <u>Bankruptcy Code Section 363(n)</u>.  The consideration provided by the Purchaser for the Condominium pursuant to the Amended Contract of Sale is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

15.  <u>Good Faith</u>.  The Sale is undertaken by the Purchaser in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a good faith purchaser of the Condominium, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

16.  <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction to enforce and implement the terms of this Order, the Amended Contract of Sale, all amendments thereto, any waivers and consents thereunder, and of each of the

agreements executed in connection therewith in all respects,
including, but not limited to, retaining jurisdiction to (a)
compel the payment of the purchase price to the Debtor, (b)
resolve any disputes arising under or related to the Amended
Contract of Sale, except as otherwise provided therein, and
(c) interpret, implement and enforce the provisions of this
Order and the Amended Contract of Sale.

17.  <u>Binding on Successors</u>.  The terms and
provisions of the Amended Contract of Sale and this Order
shall be binding in all respects upon, and shall inure to the
benefit of, the Debtor, its estate, the Purchaser and their
respective affiliates, successors and assigns, and any
affected third parties, notwithstanding any subsequent
appointment of any trustee(s) of the Debtor under any chapter
of the Bankruptcy Code, as to which trustee(s) such terms and
provisions likewise shall be binding.

18.  <u>Non-material Modifications.</u>  The Amended
Contract of Sale and any related agreements, documents or
other instruments may be modified, amended or supplemented by
the parties thereto, in a writing signed by such parties, and
in accordance with the terms thereof, without further order
of the Court, provided that any such modification, amendment
or supplement does not have a material adverse effect on the

Debtor's estate and has been agreed to by Fortress Credit Corp., the Office of the United States Trustee and the Debtor.

19. <u>Subsequent Plan Provisions</u>. Nothing contained in the Modified Plan confirmed in this case, the order confirming the Modified Plan, or any other order in this case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code) (a "**Subsequent Order**") shall alter, conflict with, or derogate from, the provisions of this Order. Notwithstanding any language in the Modified Plan, the order confirming the Modified Plan, or a Subsequent Order, no such plan, confirmation order, or Subsequent Order will be construed to alter, conflict with, or derogate from, the provisions of this Order without the Purchaser's express written consent.

20. <u>Failure to Specify Provisions</u>. The failure specifically to include any particular provisions of the Amended Contract of Sale in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Amended Contract of Sale be authorized and approved in its entirety; <u>provided</u>, <u>however</u>, that this Order shall govern if there is any inconsistency between the Amended Contract of Sale and this Order.

Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

21. <u>Counsel's Authority</u>. By subscribing their respective signatures to this Order, counsel to the Debtor and the Purchaser each represent and acknowledge that they have authority to legally bind their respective clients to the provisions of this Order which are inconsistent with the provisions of the Amended Contract of Sale. Counsel to the parties acknowledge that this Order is different from the form of order which appears as Exhibit A to the Amendment to Contract of Sale, dated February 2, 2010, and they agree that the Amendment shall be construed as though the order attached as Exhibit A thereto was in the form of this Order. Counsel to the Purchaser acknowledges that the Purchaser has waived the requirement contained in paragraph 4 of the Amendment that the proposed order be submitted within two (2) business days following receipt by Pavia & Harcourt LLP of the signed Amendment.

22. <u>Monthly Operating Reports</u>. The Debtor shall file all monthly operating reports due within 21 days of the entry of this Order.

23.  <u>United States Trustees Fees.</u>  The Debtor shall
pay all fees due the United States Trustee pursuant to 28
U.S.C. § 1930 within 21 days of the entry of this Order.

Dated: New York, New York
       March 9, 2010

                              **<u>s/Arthur J. Gonzalez</u>**
                              CHIEF UNITED STATES BANKRUPTCY JUDGE


Rosen & Associates, P.C.
Attorneys for CPW Acquisition Corp.,
  Debtor and Debtor in Possession


By: <u>/s/ Sanford P. Rosen </u>
         Sanford P. Rosen

747 Third Avenue
New York, NY  10017-2803
(212) 223-1100



Shearman & Sterling, LLP
Attorneys for One Central Park West (NYC) LLC


By: <u>/s/ John L. Opar      </u>
         John L. Opar

599 Lexington Avenue
New York, NY  10022
( 212) 848-4000